HELEN A. POWERS, *Tr. vs.* CATHERINE C. DOSSETT *et al.*

MAY 25, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.  This is a bill in equity for the construction of a will and for instructions relative thereto.  When the cause was ready for hearing for final decree in the superior court

the bill was certified to this court for determination in accordance with the provisions of general laws 1938, chapter 545, §7.

It appears from the bill of complaint and from testimony submitted in the superior court that complainant was the duly appointed executrix under the will of Mary R. E. Hall, late of the city of Providence, deceased; that her final account has been allowed by the probate court of that city; and that she now brings the present bill in her capacity as trustee under such will. The respondents herein are alleged to be all the heirs at law of the testatrix and their respective husbands and wives. The heirs, none of whom are minors, comprise the following groups, namely, a living sister of the testatrix, and the living children and sole heirs at law of two deceased sisters and a deceased brother of the testatrix. A decree *pro confesso* has been entered against those respondents who have not appeared or filed answers. Those who answered joined in the prayer of the bill. A guardian *ad litem* was appointed by the superior court to represent other necessary and possible interests and his answer leaves their rights if any to the protection of the court.

Mary R. E. Hall died in Providence March 31, 1939. Her will, which was duly admitted to probate, contained several directions and requests of a personal nature and provided for a number of small pecuniary bequests to two sisters, to certain nephews and nieces, and to specified friends if living at the time of her death. By the tenth clause thereof the residue of her estate was devised and bequeathed to the complainant upon certain trusts. These were, first, to make separate monthly payments to the father-in-law and to the mother-in-law of the testatrix as long as they lived or until the trust fund was exhausted. The tenth clause then concluded as follows: "Upon the death of both my said father-in-law and said mother-in-law, I direct my trustee to transfer and to pay over to my heirs at law all trust estate then in her hands and possession or under her

control." It appears that the father-in-law of the testatrix predeceased her and that her mother-in-law died July 20, 1947, thereby terminating the trust.

The bill of complaint contains the following questions for our determination:

"1. Is the balance of the trust estate to be distributed amongst the heirs at law of the testatrix per capita or per stirpes?

"2. Must the estate remaining in the hands and possession of the trustee after payment of the expenses of administering the trust be distributed to the heirs at law in kind, or may the trustee convert all of it into cash?

"3. Are the persons named in the Bill of Complaint as heirs at law of the testatrix properly designated as such, and what are their respective proportionate shares?"

The first question is clearly the important one. Certain heirs argue that the division of the trust estate should be *per stirpes* and others that it should be *per capita*. In *Dodge* v. *Slate,* 71 R. I. 191, two well-established rules of testamentary construction are stated in the following language at page 193: "First, the primary rule is to ascertain the testator's intention as disclosed by the language of the will and then to give effect thereto, unless it be contrary to some established rule of law. * * * Second, where the testator uses familiar legal words, it must be presumed, in the absence of a clearly indicated contrary intent in the will, that he used them in their ordinary legal sense."

In the present case certain of the heirs of the testatrix argue in substance that because in the fourth, fifth and sixth clauses of her will she made pecuniary bequests to particular heirs as individuals then living, she thereby demonstrated a general intent to make all other gifts to her heirs *per capita,* and therefore that the tenth clause under which her residuary estate was to be distributed by her trustee should be construed accordingly. We are unable to follow this argument. In our opinion it is tenuous and when the will is considered as a whole the bequests made by the

testatrix in said fourth, fifth and sixth clauses do not support the claim that she showed a general intent to make a *per capita* distribution of the residue.

However, the same group of heirs in support of their position also contends that the divide and pay over rule, so called, should be applied in construing the tenth clause of the will. They cite among others the following cases as being pertinent in that connection: *Dodge* v. *Slate, supra; Dorrance* v. *Greene,* 41 R. I. 444; *Branch* v. *DeWolf,* 38 R. I. 395; *De Wolf* v. *Middleton,* 18 R. I. 810. It is argued that such cases support the contention that futurity was annexed to the substance of the testatrix' gift over to her heirs who thus were to be determined at the time the trust terminated, and that she intended that the distribution thereof was to be *per capita* and not *per stirpes.*

In our opinion the above contention is not sound since the principles upon which such cases rest do not apply to the will now before us. In the present case nothing appears in the will to warrant the conclusion that the testatrix intended the residue to be a contingent rather than a vested remainder. In our judgment she intended to vest the residue at. her death and to have her heirs at law determined as of that time. The tenth clause of the will contains language which is simple, clear and unambiguous. It is merely stated therein that upon the death of the life beneficiaries the trustee is directed "to transfer and to pay over to my heirs at law all trust estate * * *." It is our opinion that in the circumstances the case is governed by the general rule of law which is set out and applied in the following cases: *Champagne* v. *Fortin,* 69 R. I. 10; *Starrett* v. *Botsford,* 64 R. I. 1; *Goodgeon* v. *Stuart,* 50 R. I. 6.

In the *Champagne* case the following language appears at page 20 of the opinion: "Heirs are those upon whom the law casts the descent immediately upon the death of the ancestor. In the eyes of the law only such are or can be heirs. However, in seeking to find the intention of a testator where he has used the word 'heirs' in making a

testamentary provision, the courts have modified the strict rule of the law by declaring that the general rule applies unless it is clear from the will that the testator intended that those answering the description of his heirs should be determined at a time other than his death. * * * But this modification of the general rule is dependent for its application upon testamentary language before the court for construction."

In construing the meaning of heirs at law as used in the instant will we find nothing therein to show clearly that the testatrix intended that those answering such description should be determined at a time other than at her death. We therefore apply the general rule to the will before us and decide that the testatrix' heirs at law are those to whom her estate and property would pass immediately upon her death by operation of law under the statutes of descent and distribution of this state. It follows that our answer to the first question is that the balance of the trust estate should be distributed among the heirs at law of the testatrix *per stirpes.*

In respect to the second question it appears that the trust estate is made up of cash, some securities, and two parcels of real property. In view of the circumstances appearing in evidence, the number of persons among whom the trust estate is to be distributed, and the fact that all the heirs at law are desirous that the trustee convert such estate into cash for distribution, after the payment of necessary expenses, we see no objection to such a course being followed by her, and that it is not obligatory that she distribute the trust estate in kind. It is our opinion, however, that if such a conversion is to be made by the trustee a decree should be entered by the superior court on proper motion regulating the details of such conversion.

As to the third question, since we have decided that the testatrix' heirs are to be determined as of the time of her death and that the distribution of the residue of her estate is intended to be *per stirpes* and not *per capita,* it is

unnecessary for us to answer such question further.

On June 6, 1951 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*James L. Taft,* for complainant.

*Waldman & Waldman, Maxwell W. Waldman,* for respondent Catherine C. Dossett; *Fred Brosco, David B. Lovell, Jr.,* for certain respondents.